UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80849-CIV-MATTHEWMAN

GABRIELLE BARGOOT,

    Plaintiff,

vs.

THE SCHOOL BOARD OF PALM BEACH COUNTY,

    Defendant.
_____/

FILED BY KJZ D.C.

Feb 1, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [DE 18]

THIS CAUSE is before the Court upon Defendant, School Board of Palm Beach County's ("Defendant") Motion to Dismiss Amended Complaint or, in the Alternative, Motion for More Definite Statement ("Motion") [DE 18]. The Motion is fully briefed and ripe for review. *See* DE 21-22. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

**I. Background**

On July 19, 2021, Plaintiff, Gabrielle Bargoot ("Plaintiff"), filed the Amended Complaint after Defendant filed a motion to dismiss the original complaint. [Am. Compl., DE 12]. The Amended Complaint was brought pursuant to the American with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. as amended ("ADAAA")[1] and 42 U.S.C. § 1983 ("§ 1983"). [Am. Compl. ¶ 2].

---

[1] The ADAAA, which was enacted by Congress in 2008 to "reinstat[e] a broad scope of protection to be available *under the ADA* [,]" PL 110–325, September 25, 2008, 122 Stat. 2553, at Section 2(b)(1) (emphasis added), does not establish a cause of action separate from the ADA. "The ADAAA merely broadens the scope of protection available to plaintiffs under the ADA by redefining particular terms such as 'disability' and 'major life activities.'" *Snider v. U.S. Steel-Fairfield Works Med. Dep't*, No. 2:12-CV-03508-AKK, 2013 WL 1278973, at *3 (N.D. Ala. Mar. 26, 2013), *aff'd*, 591 F. App'x 908 (11th Cir. 2015).

According to the allegations in the Amended Complaint, Plaintiff "found herself at the center of a hostile work environment as part of a scheme orchestrated by the Defendant to unlawfully terminate Ms. Bargoot" and "Defendant's false and misconceived notions of Ms. Bargoot's physical capabilities and faculties wholly guided their unlawful decision and treatment of Ms. Bargoot." [Am. Compl. ¶¶4-5].

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e) to dismiss the Amended Complaint because it is an improper shotgun type pleading; Defendant cannot be held liable under a theory of respondeat superior, and, therefore, Count I should be dismissed; Plaintiff cannot maintain claims under both § 1983 and Title I of the ADAAA; she failed to state a claim for disparate treatment based on disability under the ADAAA; she failed to state a claim for Counts III, IV, and V; and her claims for punitive and compensatory damages under the ADAAA or ADA should be stricken. [DE 18].

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

### III. Discussion

A. Whether the Amended Complaint Fails to Comply with General Pleading Requirements

As an initial matter, Defendant contends that the Amended Complaint is the "type of shotgun pleading style that this, and other federal courts, routinely dismiss." [DE 18 at 2]. Defendant also argues that "for each of Plaintiff's claims (Counts 1 through 5), Plaintiff has done nothing more than set forth the elements of each claim with conclusory statements, without any of the factual support necessary to state a claim for relief." *Id.* at 2-3.

In response, Plaintiff argues that the Amended Complaint is not an improper shotgun pleading and points out that Defendant was able to identify each claim asserted in its Motion to Dismiss. [DE 21 at 13-14]. Plaintiff asserts that the Amended Complaint "provides Defendant with an extensive factual history" and that reincorporating allegations is necessary "to ensure that Plaintiff's Amended Complaint provides a proper fact specific frame from which the Defendant can provide a defense." *Id.* at 14. She further argues that each count "specifically references the relevant facts from the general statement of facts in support of each claim Ms. Bargoot asserts against Defendant PBC" and that all of her claims "stem from the same interconnected misconduct." *Id.*

Federal Rule of Civil Procedure 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

"'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

The Court has carefully reviewed the Amended Complaint in this case. While Plaintiff does reincorporate the allegations in the previous paragraphs within each count, the Court finds that the Amended Complaint clearly puts Defendant on notice regarding which factual allegations are intended to support which claims for relief. Moreover, the counts are distinctly pled and are clearly separated. Plaintiff is correct that it would be wasteful and unnecessarily verbose to re-list every relevant fact in each count in this case since the same body of facts applies to every count. Finally, upon careful review of the Amended Complaint, the Court rejects Defendant's argument that it simply contains conclusory statements without any factual support. Moreover, this same argument is dealt with below in regard to each individual count. Finally, the Court notes that, as Plaintiff

4

pointed out, the Amended Complaint was clear enough that Defendant was able to draft a cohesive motion to dismiss on each count.

B. Count I

Count I of the Amended Complaint alleges violation of 42 U.S.C. § 1983, "Fourteenth Amendment Equal Protection Clause Disability Discrimination." [Am. Compl. ¶¶ 57-83]. Defendant makes two primary arguments as to Count I. First, it contends that it cannot be liable under a theory of respondeat superior. [DE 18 at 3-5]. Second, Defendant argues that Plaintiff cannot maintain a claim of action under both § 1983 and Title I of the ADAAA. *Id.* at 5-6. Plaintiff does not respond to either of these arguments in her response. Defendant requests in its reply that the Court find that Plaintiff has abandoned Count I and dismiss Count I with prejudice. [DE 22 at 1-2].

In Count I, the Amended Complaint alleges that, "[a]t all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Ms. Bargoot in the terms and conditions of her employment because of her disability, and Defendant did unlawfully discriminate against Ms. Bargoot in the terms and privileges of her employment because of her disability in violation of the 1983." [Am. Compl. ¶ 65]. It further alleges that "[t]he discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of the 1983. In subjecting Plaintiff to adverse employment action on the basis of her disability, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment." *Id.* at ¶ 66. The balance of the allegations in Count I pertain to Plaintiff's request for accommodation, Defendant's failure to provide it to her, Defendant's alleged retaliation against Plaintiff, and Defendant's unlawful discrimination practices.

In *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997), the Eleventh Circuit explained as follows:

> [B]oth the Rehabilitation Act and the ADA provide extensive, comprehensive remedial frameworks that address every aspect of Holbrook's claims under section 1983. To permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenues of redress as well as section 1983 would be duplicative at best; in effect, such a holding would provide the plaintiff with two bites at precisely the same apple. We conclude that a plaintiff may not maintain a section 1983 action in lieu of-or in addition to-a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA.

Additionally, "the Eleventh Circuit has held that the comprehensive remedial framework of the ADA forecloses an action under section 1983 based solely on rights created by the ADA." *Parker v. Dezzi*, No. 8:21-CV-1459-TPB-SPF, 2021 WL 5395958, at *5 (M.D. Fla. Nov. 18, 2021) (quoting *McNa v. Communications Inter-Local Agency*, 551 F. Supp. 2d 1343, 1348 (M.D. Fla. 2008)); *see also Fontaine v. Inch*, No. 20-CV-23438, 2021 WL 1165353, at *1 (S.D. Fla. Mar. 26, 2021) ("[A]n ADA claim raised in a § 1983 action can only survive screening if the conduct alleged to violate the ADA also violates the Plaintiff's constitutional rights.").

In light of the relevant law, it is clear to the Court that Count I should be DISMISSED WITH PREJUDICE. Plaintiff's § 1983 claim is premised solely on rights created by the ADA. Moreover, Plaintiff failed to make any argument to the contrary in her response and has thus waived any such argument and abandoned Count I. Because Count I is being dismissed with prejudice, there is no need to analyze Defendant's respondeat superior argument.

C. Count II

Count II of the Amended Complaint involves allegations of discrimination under the ADAAA (disparate treatment). [Am. Compl. ¶¶ 84-104]. Defendant argues that Count II "cannot stand as Plaintiff has failed to identify a similarly situated employee outside of her protected class

who was treated differently." [DE 18 at 6]. Defendant also maintains that "[w]hile Plaintiff has alleged that she suffered an adverse employment action, she merely puts forth a conclusory statement that she was 'otherwise qualified to perform the essential functions of her job with or without a reasonable accommodation.'" *Id.* at 8. According to Defendant, Plaintiff also failed to allege "who the decision-maker was or that the decision-maker was aware of her disability at the time of the adverse action." *Id.*

In response, Plaintiff asserts that her allegations in Count II are sufficiently pled in light of the relevant law. [DE 21 at 6-8].

In reply, Defendant argues that "the Court should dismiss Count 2 of Plaintiff's Amended Complaint for failure to state a claim by pleading a similarly situated comparator." [DE 22 at 3].

In order to plead a *prima facie* case of disability discrimination based upon disparate treatment, Plaintiff must allege facts plausibly showing that: 1) she was a member of a protected class (i.e., disability); 2) she was subjected to an adverse employment action; and 3) her employer treated similarly situated employees outside the protected class differently or more favorably. *Robinson v. Wellstar Atlanta Med. Ctr., Inc.*, No. 1:19-CV-2244-SDG-JFK, 2019 WL 12448605, at *11 (N.D. Ga. Nov. 4, 2019), *report and recommendation adopted,* No. 1:19-CV-2244-SDG-JFK, 2020 WL 10227468 (N.D. Ga. Jan. 21, 2020).

The Eleventh Circuit issued a recent opinion regarding the necessity of pleading a similarly situated comparator and explained, "[w]e have noted before that 'discrimination is a comparative concept—it requires an assessment of whether like (or instead different) people or things are being treated differently.'" *Shelley v. Wesleyan Coll.*, No. 21-10264, 2021 WL 4553021, at *3 (11th Cir. Oct. 5, 2021) (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1223 (11th Cir. 2019) (en banc) (internal quotations omitted)). "To prove that an employer treated a similarly-situated

7

individual outside the employee's protected class more favorably, the employee must show that she and her proffered comparators were 'similarly situated in all material respects.'" *Id.* "Generally, a similarly-situated comparator will engage in the same basic conduct as the plaintiff, will be subject to the same policies, will have the same supervisors, and will share the plaintiff's employment or disciplinary history." *Id.; see also Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021).

The cases relied on by Plaintiff in her response are outdated and inapplicable. *See* DE 21 at 8. Thus, Count II of the Amended Complaint is deficient for failing to allege a similarly situated comparator. *See Rebalko v. City of Coral Springs*, No. 19-60569-CIV, 2020 WL 6446042, at *26 (S.D. Fla. Nov. 3, 2020). However, Count II is DISMISSED WITHOUT PREJUDICE to Plaintiff remedying this deficiency, if she can do so. Because the Court is dismissing Count II without prejudice, there is no need to analyze Defendant's arguments that Count II contains conclusory statements or that Plaintiff failed to allege who the decision-maker was or that the decision-maker was aware of her disability at the time of the adverse action.

D. Count III

Count III of the Amended Complaint involves allegations of discrimination under the ADAAA (hostile work environment). [Am. Compl. ¶¶ 105-118]. In its Motion, Defendant argues that Plaintiff "has not alleged any facts in her Amended Complaint to demonstrate that any action was taken against her because of or based on her protected expression or disability." [DE 18 at 9]. Defendant also contends that Plaintiff has "not alleged that she engaged in protected expression; instead, she relies on conclusory allegations which are insufficient to withstand the School Board's Motion to Dismiss." *Id.* Defendant further maintains that the Amended Complaint does not allege

> any causation or ultimate fact showing any conduct was severe and pervasive between Plaintiff's disability and her low evaluation score or termination.

8

> Similarly, there are no specific factual allegations demonstrating alleged harassment, that the alleged harassment was based on Plaintiff's disability, that the alleged harassment was severe and pervasive to alter the terms and conditions of employment…, or that the termination was connected to her disability or a hostile work environment.

*Id.* at 9-10.

In response, Plaintiff asserts that "[t]aken together, Defendant's action clearly interfered with Ms. Bargoot's ability to perform her work. Moreover, Defendant's frequency and severity of discriminatory conduct created a hostile work environment for Plaintiff and resulted in her unlawful termination in violation of the ADA." [DE 21 at 11].

In reply, Defendant argues that "Plaintiff has not presented any facts to support the contention that her workplace was permeated with the forementioned conduct. Instead, [P]laintiff has alleged conclusory allegations couched as facts." [DE 22 at 3].

A plaintiff alleging a claim based on a hostile work environment must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that are sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment." *Walls v. Lowe's Home Centers, LLC*, 789 F. App'x 852, 853 (11th Cir. 2019). Here, Plaintiff has pled that she "was subjected to unwelcome harassment based on her actual and/or perceived disability" and that "Defendant, by and through its representatives, berated, humiliated, and demeaned Plaintiff on a regular basis because of her disability." [Am. Compl. ¶ 109]. She further alleged that the conduct was "undoubtedly sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment." *Id.* at ¶ 111. She also pled that, at her first formal evaluation, "Defendant's employees, in retaliation for Plaintiff's request for accommodation provided Plaintiff an uncharacteristically low score, far worse than any of her previous evaluations." *Id.* at ¶ 114. She alleged that, because Defendant refused to implement her requested

9

accommodation, she fainted at work and was unable to attend her post-evaluation meeting. *Id.* at ¶ 116. Shortly thereafter, she was terminated. *Id.* at ¶ 117.

Viewing these allegations in a light most favorable to Plaintiff, the Court finds that she has met her burden. Further, the issue of whether Plaintiff was subjected to sufficiently severe and pervasive treatment to prove an ADAAA violation under a hostile work environment theory is a matter better determined at summary judgment. *Castillo v. Fisher Island Club, Inc.*, No. 20-24504-CV, 2021 WL 2652725, at *2 (S.D. Fla. Mar. 24, 2021). Thus, the Motion is DENIED as to Count III.

E. Count IV

Count IV of the Amended Complaint alleges retaliation in violation of the ADA. [Am. Compl. ¶¶ 119-130]. In its Motion, Defendant contends that "Plaintiff has not sufficiently plead any factual allegations to state a claim for retaliation under the ADA or ADAAA; therefore, Count 4 should be dismissed with prejudice." [DE 18 at 10]. Defendant further contends that "Plaintiff has not and cannot demonstrate that she engaged in protective activity" and has "not sufficiently alleged a causal connection between the [adverse employment] action and the protested activity." *Id.* at 11.

In response, Plaintiff argues that the protected activity alleged is that Plaintiff's mother, on her behalf, called and discussed Plaintiff's condition with Defendant's employees. [DE 21 at 12]. She also reported the unlawful conduct to Defendant through her counsel. *Id.* Plaintiff also argues that she has pled calculated acts to retaliate against her because she requested accommodation. *Id.* at 13.

In reply, Defendant argues that the Amended Complaint is deficient in that it does not contain any facts that "Plaintiff, during her term of employment…ever filed a formal complaint,

10

personally voiced a complaint to a superior, or used the employer's internal grievance procedure to report alleged discrimination." [DE 22 at 4]. Defendant asserts that "[n]ot only did Plaintiff herself not engage in protected activity, there is no causal link between the alleged protected activity, and adverse action." *Id.*

To state a retaliation claim under the ADA and ADAAA, the plaintiff must also allege that (1) she was engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *Ramos v. Univ. of Miami*, No. 21-CV-22151, 2021 WL 4949160, at *5 (S.D. Fla. Oct. 25, 2021) (citing *Powell v. Space Coast Credit Union*, No. 6:15-cv-550-Orl-22TBS, 2015 WL 9664963, at *4 (M.D. Fla. Dec. 23, 2015)). A statutorily protected activity for the purposes of an ADA retaliation claim is "oppos[ing] any act or practice made unlawful by this chapter." *Id.* (citing 42 U.S.C. § 12203(a)).

In the Amended Complaint, Plaintiff alleges that, in December 2019, her mother called two of Defendant's employees on Plaintiff's behalf to discuss Plaintiff's condition and recent injury and requested an incident report. [Am. Compl. ¶ 40]. Shortly thereafter, Plaintiff's evaluation was cancelled. *Id.* at ¶ 42. When she did finally have her first formal evaluation, Plaintiff received an uncharacteristically low score and was later terminated. *Id.* at ¶¶ 43, 46.

Viewing these allegations in the light more favorable to Plaintiff, Plaintiff's mother calling Defendant's employees on behalf of Plaintiff was a statutorily protected activity, Plaintiff suffered an adverse employment decision, and the decision was causally related to the protected activity. While these facts may or may not support the retaliation claim at the summary judgment stage, the factual allegations are sufficiently pled at the motion to dismiss stage. Therefore, the Motion is DENIED as to Count IV.

F. Count V

Count V of the Amended Complaint alleges disability discrimination (failure to accommodate) in violation of the ADA. [Am. Compl. ¶¶ 131-144]. Defendant argues in its Motion that Plaintiff has "not sufficiently alleged that she is a qualified individual with a disability." [DE 18 at 11]. Defendant further argues that she has failed to allege "what the essential functions of her job were" and that "if provided with the requested accommodation that she could perform said essential functions." *Id.* at 12. Finally, Defendant contends that, due to the inconsistent facts alleged in the Amended Complaint, it does not know "when its duty to provide a reasonable accommodation would have been triggered." *Id.*

Plaintiff responds that she has proven each of the essential elements of Count V. [DE 21 at 8-10]. According to Plaintiff, "Defendant made no efforts to accommodate Plaintiff, and instead, terminated her employment because of her disability. Based on the foregoing, Plaintiff has met her burden and established that Defendant, by and through its employees, failed to accommodate Plaintiff in violation of the ADA." *Id.* at 10.

In reply, Defendant maintains that "Plaintiff has failed to plead any factual content for the court to draw a reasonable inference concerning the essential functions of her position as a teacher at the time of her request for a reasonable accommodation." [DE 22 at 6].

"[F]ailure to accommodate is an *independent* basis for liability under the ADA....If establishing discrimination by failure to make reasonable accommodation, a plaintiff must merely show that (1) [s]he was disabled, (2) [s]he was otherwise qualified, and (3) a reasonable accommodation was not provided." *Alboniga v. Sch. Bd. of Broward Cty. Fla.*, 87 F. Supp. 3d

1319, 1337-38 (S.D. *Fla.* 2015) (citations omitted; emphasis in original); *Datto v. Fla. Int'l Univ. Bd. of Trustees*, No. 1:20-CV-20360, 2020 WL 3963713, at *9 (S.D. Fla. July 13, 2020).

The Court has reviewed the allegations in the Amended Complaint in the light most favorable to Plaintiff. She has sufficiently alleged that she is disabled. [Am. Compl. ¶¶ 27-29, 134-36]. She has sufficiently alleged that she was otherwise qualified. *Id.* at ¶¶ 24-26, 47, 137. Finally, she has sufficiently alleged that reasonable accommodation was requested and not provided. *Id.* at ¶¶ 30, 34-36, 40-46, 138-42]. The Court DENIES Defendant's Motion as to Count V.

G. Defendant's Motion to Strike Plaintiff's Claim for Punitive and Compensatory Damages

Defendant asserts that the ADAAA does not allow for an award of punitive damages against a government entity, such as a school board. [DE 18 at 13]. Defendant also argues that Plaintiff cannot recover compensatory damages because, while she "asserts variations of the allegation that Defendants intentionally discriminated against her," she does not "allege any factual basis for that conclusion." *Id.* at 13-14.

In response, Plaintiff argues that "[a]s highlighted throughout Plaintiff's Amended Complaint, it is abundantly clear that Defendant, by and through its employees, intentionally discriminated against Ms. Bargoot because of her disability." [DE 21 at 15]. Plaintiff does not respond to Defendant's argument regarding the striking of punitive damages.

In reply, Defendant points out that, in her response, Plaintiff "fails to address the School Board's argument that she is not entitled to punitive damages. As stated above, by virtue of failing to respond or address the argument, Plaintiff has conceded the argument; therefore, the Court should strike the claim with prejudice from the Amended Complaint." [DE 22 at 6].

First, the Court will STRIKE Plaintiff's claim for punitive damages. Plaintiff failed to respond to this portion of Defendant's Motion and has thus abandoned and waived any argument

13

in opposition. Additionally, punitive damages are not permitted in this case. *N.R. by Ragan v. Sch. Bd. of Okaloosa Cty., Fla.*, 418 F. Supp. 3d 957, 993 (N.D. Fla. 2019) (citing *Barnes v. Gorman*, 536 U.S. 181, 187–88, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002) (holding that punitive damages may not be awarded in private suits brought under the ADA and the Rehabilitation Act)).

Second, to state a claim for compensatory damages under the ADA, "a private plaintiff must show that the defendant acted 'with discriminatory intent.'" *Boynton v. City of Tallahassee*, 650 F. App'x 654, 658 (11th Cir. 2016) (quoting *McCullum v. Orlando Reg. Healthcare Sys., Inc.*, 768 F.3d 1135, 1146–47 (11th Cir. 2014)). Defendant does not really dispute that Plaintiff has alleged discriminatory intent; rather, it argues that the relevant allegations are conclusory in nature. The Court has carefully reviewed the Amended Complaint and finds that there are factual allegations, which are discussed above, that support a finding of discriminatory intent at this motion to dismiss stage. Therefore, the Court DENIES Defendant's request to strike Plaintiff's request for compensatory damages.

### IV. <u>Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, Motion for More Definite Statement [DE 18] is **GRANTED IN PART AND DENIED IN PART**, as follows.

1. Count I is DISMISSED WITH PREJUDICE.
2. Count II is DISMISSED WITHOUT PREJUDICE to Plaintiff filing a second amended complaint on or before **February 14, 2022** that is in full compliance with this Order.
3. The Motion is DENIED as to Counts III, IV, and V.
4. Plaintiff's request for punitive damages is STRICKEN.
5. The Motion is DENIED as to Plaintiff's request for compensatory damages.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of February, 2022.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge